UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRIGGS,<br><br>  Plaintiff,<br><br>v.<br><br>JOHN BANUELOS,<br><br>  Defendant. | Case No. 1:25-cv-00613-KES-SKO<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED FOR FAILURE TO STATE A CLAIM**<br><br>(Docs. 1, 4, 5)<br><br>**TWENTY-ONE-DAY DEADLINE** |

Plaintiff Michael Griggs is proceeding *pro se* and *in forma pauperis* in this action. Plaintiff filed his complaint on May 23, 2025. (Doc. 1). On May 28, 2025, the undersigned screened the complaint, concluding that Plaintiff stated no cognizable claims but providing Plaintiff with options to proceed. (Doc. 4.) Plaintiff filed a response to the screening order on June 2, 2025, notifying the Court that he wished to stand on his complaint. (Doc. 5.)

Accordingly, for the reasons set forth below, the undersigned recommends that this action be dismissed for failure to state a claim. Plaintiff has twenty-one days from the date of service of these findings and recommendations to file his objections.

**I.     SCREENING REQUIREMENT AND STANDARD**

In cases where the plaintiff is proceeding *in forma pauperis*, a court is required to screen each case and shall dismiss the case at any time if the court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon

which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *See also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); *Barren v. Harrington,* 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim). If a court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

In determining whether a complaint fails to state a claim, the court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

In reviewing the *pro se* complaint, a court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff drafted his complaint using the general complaint form provided by this Court. The complaint names "John Banuelos (S254) Fax Unit" as the defendant. (Doc. 1 at 1, *see id.* at 2.) Plaintiff states that subject matter jurisdiction is based on federal question, (*id.* at 3), pursuant to "California Penal Code 118.1," (*id*. at 4.)

The statement of claim section of the complaint states:

> Sgt John Banuelos out Right lied in Police Report. He altered videos. He left out videos that would prove I was telling the truth. He covered for someone with no license or insurance. Impounded my car Took me to jail and I had License and Insurance. Had to bail out but Lady that Ran into the back of was Let go and allowed to keep her car even though not having License nor insurance.

(*Id*. at 5.)  Regarding the relief sought, Plaintiff writes "Under 42 U.S.C. 1983 Im seeking 25,000 [in] compensatory Damages. And 25,000 in punitive Damages." (*Id*. at 6.)

## III. DISCUSSION

### A. Rule 8

Rule 8 states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Here, Plaintiff's complaint violates Rule 8 because it does not contain a short and plain statement of the claim demonstrating that he is entitled to relief.

Although the Federal Rules use a flexible pleading policy, Plaintiff is required to give fair notice to Defendant of the basis of the claim and must allege facts that support the elements of the claim plainly and succinctly. A complaint must contain sufficient factual allegations to give the defendant fair notice of the claim and the grounds upon which it rests. *Twombly*, 550 U.S. at 555.

Here, there are insufficient allegations in the complaint to identify the basis of the claim. Plaintiff alleges Defendant "out Right lied," "covered for someone," and "altered videos" (Doc. 1 at 5), but he does not allege a violation of a federal constitutional right, nor does he explain how any of Defendant's alleges actions gave rise to such a violation. This does not give the defendant "fair notice" of the claims against which they must defend and the facts and legal theories that give rise to the claims. *See* Fed. R. Civ. P. 8(a)(2).

# IV.    ORDER

The undersigned has screened Plaintiff's complaint and finds that it fails to state any cognizable claims. Plaintiff was provided with applicable legal standards, an explanation why his complaint failed to state a claim, and leave to file an amended complaint, but Plaintiff chose to stand on his complaint.

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action be dismissed for failure to state a claim; and
2. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within twenty-one (21) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:    **June 3, 2025**                    /s/ *Sheila K. Oberto*
                                                             UNITED STATES MAGISTRATE JUDGE