UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRIGGS,<br><br>   Plaintiff,<br><br> v.<br><br>JOHN BANUELOS,<br><br>   Defendant. | No. 1:25-cv-00613-KES-SKO<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS, AND DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>Docs. 1, 6 |

Plaintiff Michael Griggs is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. *See* Docs. 1, 3. Plaintiff filed his complaint on May 23, 2025. Doc. 1. In his complaint, plaintiff alleges that

> Sgt John Banuelos out Right lied in Police Report. He altered videos. He left out videos that would prove I was telling the truth. He covered for someone with no license or insurance. Impounded my car Took me to jail and I had License and Insurance. Had to bail out but Lady that Ran into the back of was Let go and allowed to keep her car even though not having License nor insurance.

*Id.* at 5. Plaintiff does not state which federal right these alleged actions violated, and incorrectly asserts that section 118.1 of the California Penal Code is the basis for federal question jurisdiction. *Id.* at 4.

On May 28, 2025, the assigned magistrate screened the complaint and concluded that plaintiff failed to state a claim. Doc. 4. In the screening order, the assigned magistrate judge

provided plaintiff with the option to either amend or stand on the complaint as written for this Court to review.  Doc. 4.  Plaintiff filed a response to the screening order on June 2, 2025, notifying the Court that he wished to stand on his complaint.  Doc. 5.

On June 3, 2025, the assigned magistrate issued finding and recommendations recommending dismissal for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.  *See* Doc. 6. at 3–4.  The findings and recommendations contained notice that any objections were due within twenty-one (21) days.  *See id.* at 4.  To date, no objections have been filed, and the time to do so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court conducted a de novo review of the case.  Having carefully reviewed the matter, the Court adopts in part the findings and recommendations.  The findings and recommendations correctly concluded that plaintiff failed to state a claim, but the Court will give plaintiff leave to amend.

Rule 8 of the Federal Rules of Civil Procedure requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).  A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).  "At a bare minimum, Rule 8 requires plaintiff to plead facts that specifically identify the actions of the defendant that are alleged to have violated plaintiff's rights, including the 'who, what, when, and where' of the incidents giving rise to the claims." *Nelson-Rogers v. Allred*, No. 2:21-cv-1809-JAM-AC, 2021 WL 6064422, at *3 (E.D. Cal. Dec. 22, 2021).  "Without such factual allegations, the defendant is not put on notice of the claim and its factual basis, and the court cannot evaluate whether the facts would, if ultimately proven, entitle plaintiff to relief." *Id.*

Plaintiff's allegations, as written, are far too vague to give defendant notice of the basis of the claim against him. Plaintiff alleges the defendant lied in a police report and "altered videos," but he does not state what defendant lied about, what the true facts were, or the events that led up to and followed plaintiff's arrest. *See* Doc. 1 at 5. Additionally, plaintiff did not tie those alleged facts to a specific federal right—section 118.1 of the California Penal Code is a state law and does not provide plaintiff with any federal right, and 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Allbright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan,* 443 U.S. 137, 144, n.3 (1979)). "The first step in any such claim is to identify the specific constitutional right allegedly infringed." *Id.* (citing *Graham v. Connor,* 490 U.S. 386, 394 (1989); and *Baker,* 443 U.S. at 140).

The Court will grant plaintiff leave to amend. A pro se litigant "must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Colbert v. Borg*, 967 F.2d 585, 585 (9th Cir. 1992) (quoting *Noll v. Carlson*, 802 F.2d 1446, 1448 (9th Cir. 1987). The rule "'favoring liberality in amendments to pleadings is particularly important for the pro se litigant.'" *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (quoting *Noll v. Carlson*, 802 F.2d 1446, 1448 (9th Cir. 1987)). The Court cannot definitively say at this juncture that amendment would be futile.

**Plaintiff is informed that an amended complaint *supersedes* a prior complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012). An amended complaint must be "complete in itself without reference to the prior or superseded pleading." L.R. 220. Accordingly, while the Court grants plaintiff leave to amend, plaintiff must fully allege in any first amended complaint all allegations that support his claim.**

Based upon the foregoing:

1. The findings and recommendations issued June 3, 2025, Doc. 6, are adopted in part;
2. Plaintiff's complaint is dismissed with leave to amend for failure to state a claim;
3. Plaintiff must file any first amended complaint, consistent with the terms of this

Order, within thirty (30) days of the date of this Order; and

4. This matter is referred back to the assigned magistrate judge for the preparation of further findings and recommendations and/or other appropriate action.

IT IS SO ORDERED.

Dated:   June 26, 2025

_____
UNITED STATES DISTRICT JUDGE